## DENNIS vs. BREED.

*Fourth District Court for San Francisco Co., Dec. T.,* 1857.

#### NEW TRIAL—SEALED INSTRUMENT—CONSIDERATION.

The court will, as a general rule, grant a new trial, where, in the statement as agreed upon by counsel, upon which the motion therefor is based, it is misrepresented with respect to the instructions given the jury,—but if, in view of all the facts, the instructions, had they been given as thus incorrectly set out, could not have misled the jury, the motion will be denied.

By statute, in this state the defendant in an action brought on a bond by the obligee may plead and prove in defense the total or partial failure of consideration, but whether he has the same right against the assignee of the obligee, *quære?*

Where a defendant in such an action proposes to avail himself of this defense, as authorised by the statute—it being in derogation of the common law—he must plead it specially in his answer.

On motion for a new trial. The requisite facts are fully set forth in the opinion.

*T. C. Hambly,* for plaintiff.

*Levi Parsons,* for defendant *Melvin.*

*J. S. Wallis,* for defendant *Breed.*

*J. C. Stebbins,* for defendant *Frothingham.*

HAGER, J.—The principal ground relied upon to sustain this motion, is error of the court in its charge to the jury. The statement used on this motion does not correctly present the instructions of the court in the matter complained of, but inasmuch as the plaintiff, by not objecting, has admitted their correctness, I have felt inclined to order a new trial, although I am not satisfied that there was, in fact, any error of the court in its instructions to the jury.

The obligation sued upon is under seal, and its consideration is expressed upon its face as follows : "for the performance of which acts on the part of said obligors *Breed* and others, the said *Comstock* has paid and surrendered a good and lawful consideration to the full satisfaction of said obligors, and for which they are firmly bound and

hereby acknowledge the receipt." The instructions to the jury were to the effect that the action being upon a sealed instrument, with a valid consideration expressed and acknowledged upon its face, the defendants could not here dispute what they had admitted and acknowledged by the writing, and maintain, as a defense, the instrument was without consideration.

The attention of the court was called to the act of 1850, (*Wood's Cal. Dig.* 76, *art.* 201,) making it lawful for the defendant against whom an action is commenced by the obligee or payee upon a bond, to plead and prove as a defense a want or failure of consideration.

The defendants by their answer undertake to state what was the consideration; but even if the answer be taken as true, I am not prepared to say the bond is without consideration, or that it has in part failed. The defendants were unlimited in their proof, and upon the whole facts, as the case went to the jury, I am not prepared to say the charge as contained in the statement, if it had been so given, could have misled the jury.

*Dennis* having been substituted as the plaintiff of record in place of *Comstock*, strictly speaking, is not " the obligee or payee," and it may admit of doubt if the want or failure of consideration under the statute referred to, could, even if it had been pleaded, have been a defense against him. I think it also very questionable, if, under this statute, and in the absence of fraud, a defendant ought, in an action upon an obligation of this character, to be allowed to dispute the fact of a consideration having been paid and received, where it is expressed and acknowleged upon its face; at all events, to admit such a defense in such a case, would be in derogation of the common law, and if admissible under the *code* should be specially pleaded.

As all the facts will be presented to the supreme court, should the judgment be appealed, I have concluded to deny the motion for a new trial, although, as a general rule, I think a court, for its protection, should order a new trial, where it is misrepresented, as in this case, upon the record.

New trial denied.